```
 1  KAREN P. HEWITT
    United States Attorney
 2  CAROL M. LEE
    Assistant U.S. Attorney
 3  California Bar No. 219246
    880 Front Street, Room 6293
 4  San Diego, California 92101-8893
    Telephone: (619) 557-6235
 5  Facsimile: (619) 557-5004
    Email: carol.lee@usdoj.gov
 6
    Attorneys for Petitioner
 7  United States of America
```



UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Civil 08 CV 0502 IEG CAB |
|---|---|---|
| Petitioner, | ) | PETITION TO ENFORCE INTERNAL REVENUE SERVICE SUMMONS |
| v. | ) | |
| SEBASTIAN JUAREZ, | ) | |
| Respondent. | ) | |

Petitioner, the United States of America, by and through its counsel, Karen P. Hewitt, United States Attorney, and Carol M. Lee, Assistant United States Attorney, petitions the Court for an order to enforce the Internal Revenue Service ("IRS") summons described below and, in support thereof, alleges as follows:

1.   This proceeding is brought at the request of the Chief Counsel, IRS, a delegate of the Secretary of the Treasury, and at the direction of the Attorney General of the United States.

2.   Jurisdiction over these proceedings is conferred upon this Court by the Internal Revenue Code, 26 U.S.C. §§ 7402(b) and 7604(a) and 28 U.S.C. § 1345.

3. Venue is proper in the Southern District of California because Sebastian Juarez ("Respondent") resides in this district.

4. At all times relevant, S. Silverman, who issued the summons to Respondent, was a Revenue Officer with the IRS, employed in the California Area, Long Beach Territory 1, Group 15, of the Small Business/Self-Employed Division of the IRS in San Diego, California. See Declaration of Revenue Officer S. Silverman at ¶ 1 ("Silverman Decl."). Revenue Officer S. Silverman was authorized to issue an IRS summons pursuant to the authority contained in 26 U.S.C. § 7602, and Treas. Reg. § 301.7602-1.

5. Respondent resides at 3622 Crown Point Drive, San Diego, California, which is within the jurisdiction of this Court.

6. On June 27, 2006, Revenue Officer Silverman issued an IRS summons directing Respondent to appear before him on July 13, 2006, at 9:00 a.m. at 880 Front Street, San Diego, California, to give testimony and to produce for examination the documents and records specified in the summons. The summons relates to the collection of Respondent's unpaid assessed personal income tax liabilities for the tax years 1999, 2000, 2003 and 2004 ("Collection Summons"). Silverman Decl. at para. 4. On June 28, 2006, Revenue Officer Silverman served the summons by handing an attested copy of the summons to Respondent. Silverman Decl. at para. 5. A copy of the summons is attached to the Silverman Decl. as Exhibit A.

7. On July 12, 2006, Respondent contacted Revenue Officer Silverman and asked that the summons appearance date be changed from July 13, 2006 to July 20, 2006. Revenue Officer Silverman agreed. Later, Respondent requested that the summons appearance date be

rescheduled again to July 21, 2006, to which Revenue Officer Silverman agreed. Silverman Decl. at para. 6.

8. On July 21, 2006, Respondent appeared before Revenue Officer Silverman; however, he refused to give any testimony, and he failed to produce the documents, records, and other information described in the summons. Silverman Decl. at para. 7.

9. On August 29, 2006 and September 8, 2006, Revenue Officer Silverman spoke to Respondent by telephone and requested that the documents, records, and other information described in the summons be provided, however, Respondent continued to fail to do so. Silverman Decl. at para. 8.

10. On October 6, 2006, attorney Mindy S. Meigs of the Office of Chief Counsel, IRS, sent Respondent a letter and directed him to appear before Revenue Officer Silverman on October 26, 2006, at 11:00 a.m. at 880 Front Street, Room 3293, in San Diego, California. Silverman Decl. at para. 9.

11. On October 26, 2006, Respondent did not appear before Revenue Officer Silverman. Silverman Decl. at para. 10.

12. On December 19, 2006, Revenue Officer Silverman left a telephone message for Respondent requesting that he contact him as soon as possible regarding the summons. On January 3, 2007, Revenue Officer Silverman and Respondent spoke and agreed to meet in two days, on January 5, 2007. Revenue Officer Silverman requested that Respondent bring all the documents, records, and information requested in the summons. On January 5, 2007, Respondent contacted Revenue Officer Silverman by telephone and informed him that he would not be able to attend the meeting and they rescheduled the meeting to January 9, 2007. However, again, on January 9, 2007, Respondent did

3

1  not appear for the scheduled meeting, nor did he contact Revenue
2  Officer Silverman.  Silverman Decl. at para. 11.
3       13.  On March 2, 2007, Revenue Officer Silverman contacted
4  Respondent and they arranged to meet on March 7, 2007, and Revenue
5  Officer Silverman requested that he bring all the documents, records,
6  and information requested in the summons.  Unfortunately, Revenue
7  Officer Silverman had to cancel the March 7, 2007, meeting due to
8  illness.  On March 7, 2007, a representative of Revenue Officer
9  Silverman's office left a telephone message for Respondent informing
10 him that the appointment would have to be rescheduled.  On March 8,
11 2007, Revenue Officer Silverman left a telephone message for
12 Respondent and requested that he meet with him on March 9, 2007.
13 Respondent did not return the telephone call and did not meet with
14 Revenue Officer Silverman on March 9, 2007.  Silverman Decl. at para.
15 12.
16      14.  On April 24, 2007, Respondent called Revenue Officer
17 Silverman and again Revenue Officer Silverman requested that
18 Respondent provide all the documents, records, and information
19 requested in the summons.  They agreed to meet on May 1, 2007.  On
20 May 1, 2007, Respondent did not attend the meeting nor contact Revenue
21 Officer Silverman.  Silverman Decl. at para. 13.
22      15.  All administrative steps required by the Internal Revenue
23 Code for the issuance of a summons have been taken.  Silverman Decl.
24 at para. 15.
25      16.  In order to obtain judicial enforcement of an IRS summons,
26 the United States bears the initial burden of showing "that the
27 investigation may be relevant to the purpose, that the information
28 sought is not already within the Commissioner's possession, and that

the administrative steps required by the Code have been followed . . . ." United States v. Powell, 379 U.S. 48, 57-58 (1964); accord, United States v. Dynavac, 6. F.3d 1407 (9th Cir. 1993). The burden on the Government is a "slight one" and may be satisfied by presenting the declaration of the agent who issued the summons and is seeking enforcement. Id. (citing United States v. Abrahams, 905 F.2d 1276, 1280 (9th Cir. 1990) (other citations omitted)). Once a prima facie case has been made, "a 'heavy' burden falls on the taxpayer" to show an abuse of the court's process or lack of institutional good faith, Dynavac, 6 F.3d at 1280, and respondent "must allege specific facts and evidence to support his allegations." Liberty Financial Services v. United States, 778 F. 2d 1290, 1292 (9th Cir. 1985) (citation omitted). This matter may be decided on the written record in a summary proceeding. Hotz v. United States, 96-1 USTC para. 50,097 at p. 83,363 (E.D. Calif. 1996). To be entitled to an evidentiary hearing, a respondent must make some showing to refute the United States' prima facie case or present facts supporting an affirmative defense. See Fortney v. United States, 59 F.3d 117, 121 (9th Cir. 1995).

17. Revenue Officer Silverman is conducting an investigation to determine Respondent's ability to pay the income tax liabilities assessed against him for the tax years 1999, 2000, 2003 and 2004. Silverman Decl. at para. 3.

18. Section 7602(a) of the Code specifically allows the issuance of a summons for the purpose of "determining the liability of any person for any internal revenue tax . . . or collecting any such liability . . . ." 26 U.S.C. §7602(a). Therefore, Revenue Officer

5

Silverman's investigation is being conducted pursuant to a legitimate purpose specifically authorized by statute.

19. Further, the testimony, books, papers, records, or other data sought by the summons are not already in the possession of the IRS, with the exception of the bank statements called for in the summons which were obtained from third-party record keepers, Silverman Decl. at para. 15, and the administrative steps required by the Code, including proper service, have been followed. Id. at paragraphs 4, 5, and 12.

20. Respondent is in possession and control of the testimony and documents concerning the above-described investigation.

21. The Internal Revenue Code permits the Secretary to summon the records of any person "which may be relevant or material" to the investigation. 26 U.S.C. § 7602(a)(1). It is well-settled that to satisfy the relevancy requirement set forth in Powell, the United States must demonstrate that the summoned information may throw light on the subject of the investigation. Abrahams, 905 F.2d at 1281; United States v. Arthur Young & Co., 465 U.S. 805, 813-14, n. 11 (1984). This standard necessarily presents a low threshold because of the inherent difficulties in ascertaining, prior to examination, how much use the summoned records will be in determining the collectibility of a person's tax liability and whether a person has an income tax liability for a specific period. The Supreme Court has observed that:

> [a]s the language of §7602 clearly indicates, an IRS summons is not to be judged by the relevance standards used in deciding whether to admit evidence in federal court . .

6

> . . The language 'may be' reflects Congress' express intention to allow the IRS to obtain items of even <u>potential</u> relevance to an ongoing investigation, without reference to its admissibility. The purpose of Congress is obvious: the Service can hardly be expected to know which data will be relevant until it is procured and scrutinized.

<u>Arthur Young & Co.</u>, 465 U.S. at 814 (internal citation omitted) (emphasis in the original). This low threshold of relevance also follows from the language of the Code, which authorizes the investigation of persons who "may be liable" for taxes. 26 U.S.C. § 7601.

22. Under the instant circumstances, it is clear that the summoned material is relevant. The purpose of Revenue Officer Silverman's investigation is to determine Respondent's ability to pay the income tax liabilities assessed against him for the tax years 1999, 2000, 2003, and 2004. The Collection Summons seeks, among other things, " . . . all bank statements, checkbooks, canceled checks, savings account passbooks, records, or certificates of deposit . . . ." Silverman Decl. at Exhibit A (Collection Summons). The documents sought by this summons are clearly relevant to the determination of the collectibility of Respondent's income tax liabilities for the years 1999, 2000, 2003, and 2004.

23. There is no Department of Justice referral for criminal prosecution in effect with respect to Respondent. Silverman Decl. at para. 17.

WHEREFORE, the United States requests that:

1. The Court enter an order directing Respondent, Sebastian Juarez, to show cause, if any, why he should not comply with and obey

the above-described summons (Silverman Decl. at Exhibits A) served on him personally on June 28, 2006, and each and every requirement thereof, by ordering the attendance, testimony, and production of the books, papers, records, and other data required and called for by the terms of the summons before Revenue Officer S. Silverman, or any other proper officer or employee of the Internal Revenue Service at such time and place as may be fixed by Revenue Officer Silverman or any other proper officer or employee of the Internal Revenue Service.

    2. That the United States recover the costs and expenses incurred in maintaining this action against Respondent.

    3. That the Court grant such other and further relief as may be required.

DATED: 3/18/08

KAREN P. HEWITT
United States Attorney

CAROL M. LEE
Assistant U.S. Attorney

# Summons

## Collection Information Statement

In the matter of  Sebastian Juarez  5030 San Joaquin Drive San Diego, Ca 92109
Internal Revenue Service (Identify Division)  Small Business/Self Employed
Industry/Area (Identify by number or name)  Small Business/Self Employed - California Area
Periods  Form 1040, U.S. Individual Income Tax Return for the calendar years ending December 31, 1999, December 31, 2000, December 31, 2003 and December 31, 2004.

### The Commissioner of Internal Revenue

To  Sebastian Juarez
At  5030 San Joaquin Drive San Diego, Ca 92109

You are hereby summoned and required to appear before S. Silverman, an Internal Revenue Service (IRS) officer, to give testimony and to bring for examination the following information related to the collection of the tax liability of the person identified above for the periods shown:  Form 1040, U.S. Individual Income Tax Return for the calendar years ending December 31, 1999, December 31, 2000, December 31, 2003 and December 31, 2004.

All documents and records you possess or control regarding assets, liabilities, or accounts held in the taxpayer's name or for the taxpayer's benefit which the taxpayer wholly or partially owns, or in which the taxpayer has a security interest. These records and documents include but are not limited to: all bank statements, checkbooks, canceled checks, saving account passbooks, records or certificates of deposit for the period:

From  January 1, 2006  To  June 28, 2006

Also include all sources of income, all current vehicle registration certificates, deeds or contracts regarding real property, stocks and bonds, accounts, notes and judgments receivable, and all life or health insurance policies.

IRS will use this information to prepare a Collection Information Statement. We have attached a blank statement to guide you in producing the necessary documents and records.

### Do not write in this space

### Attestation

I hereby certify that I have examined and compared this copy of the summons with the original and that it is a true and correct copy of the original.

_S. Silverman_ (signature)     Revenue Officer, 33-07950
Signature of IRS Official Serving the Summons     Title

Business address and telephone number of IRS officer before whom you are to appear:

880 Front Street Room 3293, San Diego, Ca 92101  619-615-9538

Place and time for appearance at:  880 Front Street Room 3293, San Diego, Ca 92101



on the  13th  day of  July , 2006  at  9:00  o'clock  A  m.

Issued under authority of the Internal Revenue Code this 27th day of June, 2006

**IRS**
Department of the Treasury
Internal Revenue Service
www.irs.gov
Form 6637 (Rev.4-2005)
Catalog Number 25000Q

_S. Silverman_ (signature)     Revenue Officer
Signature of Issuing Officer     Title

_____     _____
Signature of Approving Officer (if applicable)     Title

Part A -- to be given to person summoned



# Certificate of Service of Summons

(Pursuant to section 7603, Internal Revenue Code)

I certify that I served the summons shown on the front of this form on:

| Date | Time |
|---|---|
| June 28, 2006 | 1:50 Pm |

**How Summons Was Served**

☒ I handed an attested copy of the summons to the person to whom it was directed.

☐ I left an attested copy of the summons at the last and usual place of abode of the per to whom it was directed. I left the copy with the following person (if any):

| Signature | Title |
|---|---|
| S. Silverman | Revenue Officer |

I certify that the copy of the summons served contained the required certification.

| Signature | Title |
|---|---|
| S. Silverman | Revenue Officer |

Catalog No. 61828W                                          Form 6638 (Rev. 4-20

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

UNITED STATES OF AMERICA

**DEFENDANTS**

SEBASTIAN JUAREZ

FILED
08 MAR 18 PM 2:41
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: CP   DEPUTY

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF — San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

CAROL M. LEE
880 FRONT STREET, ROOM 6293
SAN DIEGO, CA 92101-8893
(619) 557-6235

ATTORNEYS (IF KNOWN)

'08 CV 0502 IEG CAB

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

☒ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government
☐ 4 Diversity (Indicate Citizenship of Parties in Item III

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

Petition to Enforce Internal Revenue Service Summons
26 U.S.C. § 1545

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 315 Airplane Product | | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC | ☐ 410 Antitrust |
| ☐ Miller Act | | | ☐ 625 Drug Related | PROPERTY RIGHTS | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & | ☐ 365 Personal Injury - Product Liability | of Property 21 USC881 | ☐ 820 Copyrights | ☐ 450 Commerce/ICC |
| ☐ 150 Recovery of &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced Corrupt Organizations |
| ☐ 152 Recovery of Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | PERSONAL PROPERTY | ☐ 650 Airline Regs | SOCIAL SECURITY | |
| | | | ☐ 660 Occupational | ☐ 861 HIA (13958) | ☐ 810 Selective Service |
| ☐ 153 Recovery of of Veterans Benefits | ☐ 350 Motor Vehicle | ☒ 370 Other Fraud | ☐ 690 Other | ☐ 862 Black Lung (923) | ☐ 850 Exchange |
| | ☐ 355 Motor Vehicle Liability | ☐ 371 Truth in Lending | LABOR | ☐ 863 DIWC/DIWW (405(g)) | |
| ☐ 160 Stockholders Suits | | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards | ☐ 864 SSID Title XVI | ☐ 875 Customer Challenge |
| ☐ Other Contract | ☐ 360 Other Personal | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product | | | ☐ 730 Labor/Mgmt. Disclosure Act | FEDERAL TAX SUITS | ☐ 892 Economic |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | | ☐ 870 Taxes (U.S. or Defendant) | ☐ 893 Environmental |
| | | | ☐ 740 Railway Labor Act | | ☐ 894 Energy Allocation |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Habeas Corpus | ☐ 790 Other Labor | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 791 Empl. Ret. Inc. | | ☐ 900 Appeal of Fee Under Equal Access to |
| ☐ 230 Rent Lease & | ☐ 443 | ☐ 530 General | Security Act | | |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of |
| ☐ 245 Tort Product | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory |
| ☐ 290 All Other Real | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prisoner Conditions | | | |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removal from State Court
☐ 3 Remanded from Appelate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23

DEMAND $

Check YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See   JUDGE                                                              Docket Number

DATE
CR 3/18/08

SIGNATURE OF ATTORNEY OF RECORD
CAROL M. LEE, AUSA